# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0059, <u>In the Matter of Melissa McCauley and Richard McCauley</u>, the court on February 25, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  The petitioner, Melissa McCauley (wife), appeals a final decree issued by the Circuit Court (<u>Burns</u>, J.), following a five-day trial, in her divorce from the respondent, Richard McCauley (husband).  On appeal, the wife raises several arguments with respect to the trial court's distribution of marital assets and debts, and its award of alimony.  We affirm.

First, we consider the wife's argument that the trial court erred when it awarded her 60% of the husband's military pension that had accrued during the term of the marriage, which was to be divided in accordance with the appropriate military formula.  The trial court, noting that the wife had requested 70% of the pension, found that "it is fair and equitable to divide the retirement accounts disproportionately, with [the wife] receiving 60% of their value, and [the husband] 40%.  This is a long-term marriage, and [the husband] has a higher earning power, and hence a greater ability to replace assets, than [the wife] does."  On appeal, the wife argues, for the first time, that the trial court plainly erred because, due to the operation of 10 U.S.C. § 1408(e)(1) (2018), the maximum amount the court could award her was 50% of the disposable retired pay payable to the husband under the pension.  The husband counters that the wife did not raise this issue before the trial court, and, in any event, that § 1408(e)(1) does not, as the wife contends, impose such a 50% limitation.

The interpretation of § 1408(e)(1) presents an issue of first impression in New Hampshire, and one on which other courts are divided.  <u>See, e.g.</u>, <u>Stout v. Stout</u>, 144 So. 3d 177, 185 & nn.3-4 (Miss. Ct. App. 2013) (describing the split of authority and compiling cases).  Accordingly, because the wife has failed to demonstrate that she raised this issue before the trial court, <u>see</u> <u>Blagbrough Family Realty Trust v. A & T Forest Prods.</u>, 155 N.H. 29, 35 (2007) (holding that "[w]here a party fails to demonstrate that it raised an issue before the trial court, the issue is not preserved for our review"), and because a decision by the trial court cannot be plain error "[w]hen the [governing] law is not clear at the time of trial and remains unsettled at the time of appeal," <u>State v. Ruiz</u>, 170 N.H. 553, 566 (2018), this issue is not preserved for our review and we decline to decide it.

We now consider the wife's remaining arguments. The wife argues that the trial court erred when it ordered that her home, which is not the marital home, be sold, and the net proceeds split between the parties with 60% awarded to the wife, and 40% to the husband. She contends that this was error because both parties intended that the home be awarded to her, and that the court's order "effectively rendered [her] homeless." The trial court, observing that the home posed "a dilemma," and that, overall, the marital assets "are not sufficient to assure the financial independence of either party, post-divorce," concluded that, with respect to the wife's home, there was "only one realistic solution":

> [The home] is jointly owned, but mortgaged only in the name of [the husband]. [The wife], by her own admission, cannot afford to refinance it, and would never qualify to do so, given her lack of current employment and lack of an earnings history. Continued joint ownership, and [the husband's] continued financial responsibility for the mortgage, are impractical, unwise, and not favored by the law. While [the wife] no doubt wishes to remain in the house, the home must be sold.

Additionally, the wife argues that the trial court erred when it divided the marital debt. She contends that "all of the debt of the parties up to the date of decree should have been considered marital debt," and that the trial court's "allocation of debt mischaracterizes the parties' debt as 'marital debt' and [her] separate 'debt in her own name,'" resulting in her being responsible for a disproportionate amount of the marital debt. The trial court found that the wife "has accumulated substantial debt in her own name following separation," and that "it is fair and equitable for [the husband] to assume responsibility for the parties' marital debt." Accordingly, the court determined that the husband would be responsible for "the majority of the marital debt, in addition to his own credit cards," and that the wife would be responsible for "all debt incurred under her own name."

Lastly, the wife argues that the trial court erred in determining the amount of the alimony award, because the court erroneously found that she was not disabled. She contends that, although she has not had a "formal adjudication of disability," she suffers from certain conditions that negatively affect her ability to work. The trial court acknowledged and discussed the wife's conditions in its order, but stated that it "does not find her to be disabled or incapable of working." The court observed that "[w]hile there was considerable testimony regarding [the wife's] health, . . . and while she asserted at many points that she is disabled, the Court did not receive credible evidence which would indicate that she has been declared disabled by a physician or governmental agency."

The trial court is afforded broad discretion in determining matters of property distribution, debt allocation, and alimony when fashioning a final divorce decree. In the Matter of Letendre & Letendre, 149 N.H. 31, 34 (2002); In

2

the Matter of Muller & Muller, 164 N.H. 512, 518-19 (2013). "We will not overturn a trial court's decision on these matters absent an unsustainable exercise of discretion or an error of law. If the court's findings can reasonably be made on the evidence presented, they will stand." In the Matter of Silva & Silva, 171 N.H. 1, 9 (2018) (citation omitted). Moreover, "[i]t is within the province of the trial court to accept or reject, in whole or in part, whatever evidence was presented," and "we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." Cook v. Sullivan, 149 N.H. 774, 780 (2003).

As the appealing party, the wife has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the wife's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the wife has not demonstrated reversible error. See id.

Because the additional issues raised in the wife's notice of appeal were not briefed, they are waived. See In re Estate of King, 149 N.H. 226, 230 (2003).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3